UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. KURCZ
and TINA M. KURCZ,

        Plaintiffs,

                              Case No. 12-CV-10735
v.                              HON. GEORGE CARAM STEEH

NEW CENTURY MORTGAGE
CORPORATION; DEUTSCHE BANK
NATIONAL TRUST COMPANY; and
NEW CENTURY HOME EQUITY
LOAN TRUST, SERIES 2004-A,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT DEUTSCHE BANK'S MOTION TO DISMISS (#6)

On January 13, 2012, plaintiffs filed a complaint against defendants in St. Clair County Circuit Court challenging their mortgage foreclosure. On February 17, 2012, Deutsche Bank National Trust Company removed the case to this court. On March 26, 2012, defendant Deutsche Bank filed a motion to dismiss. The motion has been fully briefed. Oral argument occurred at a hearing on the motion on June 7, 2012. For the reasons that follow, the court GRANTS defendant's motion to dismiss.

BACKGROUND

On June 15, 2004, plaintiffs obtained a loan from defendant New Century Mortgage Corporation in the amount of $306,000 to refinance an existing mortgage they had on property at 106 St. Clair River Drive, Algonac, Michigan. Plaintiffs granted a mortgage on

the property to New Century Mortgage. The mortgage was assigned to defendant Deutsche Bank National Trust Company in April 2011. The assignment was recorded with the St. Clair County Register of Deeds on April 27, 2011.

In September 2009, plaintiffs defaulted on the terms of the mortgage loan when they stopped making payments. In October 2010, foreclosure proceedings were initiated. A notice pursuant to MCL 600.3205(a)(1) and (2) was mailed to plaintiffs on October 11, 2010. Plaintiffs did not request a meeting with the designee authorized to modify the loan. Notices of foreclosure were published in the Port Huron Times Herald on October 13, 2010, November 10, 2010, November 17, 2010, November 24, 2010, December 1, 2010, and December 8, 2010. A notice of foreclosure was posted on the property on November 20, 2010. A foreclosure sale was held on May 12, 2011 and Deutsche Bank purchased the property for $317,730.73. The Sheriff's Deed was recorded in the St. Clair County Register of Deeds on May 20, 2011. The redemption period expired on November 12, 2011, without plaintiffs tendering the redemption amount.

Two months after the redemption period expired, plaintiffs filed this action alleging that the mortgage and foreclosure sale were invalid. Plaintiffs assert claims for quiet title and rescission of the foreclosure sale. On March 26, 2012, defendant Deutsche Bank filed a motion to dismiss. In its motion to dismiss, Deutsche Bank argues: (1) plaintiffs lack standing to bring this suit; (2) plaintiffs fail to state a claim upon which relief can be granted; (3) plaintiffs' securitization theory fails as a matter of law; and (4) plaintiffs' claims are barred under the theory of laches.

STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the

complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]" Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009). The well-pleaded facts must permit an inference of more than a mere possibility of misconduct. Id. at 1950.

Under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." However, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." Commercial Money Center, Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335-36 (6th Cir. 2007). In addition, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." Id. at 336. If the motion is treated as one for summary judgment, all parties must be given a reasonable opportunity to present all the material that is relevant to the motion.

ANALYSIS

In its motion, Deutsche Bank first argues plaintiffs lack standing to assert an interest in the property. In Michigan, once the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are extinguished. Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942). The former owner therefore lacks the right to assert claims with respect to the property. Overton v. Mortgage Electronic Registration Systems, No. 284950, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009).

In Overton, the Michigan Court of Appeals affirmed a grant of summary disposition in favor of a party who purchased a foreclosed parcel of property at a Sheriff's Sale. 2009 WL 1507342, at *1. In that case, the defendants argued that the plaintiff lacked standing to assert that defendants committed fraud in connection with the foreclosure because the plaintiff no longer had any interest in the property once the redemption period expired. The Court of Appeals found:

> [P]laintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Schulthies v. Barron, 16 Mich.App 246, 247-248; 167 NW2d 784 (1969). Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished. Piotrowski v. State Land Office Bd., 302 Mich. 179, 187; 4 NW2d 514 (1942); MCL 600.3236.

Id.; see also Mission of Love v. Evangelist Hutchinson Ministries, Docket No. 266219, 2007 WL 1094424, at *6 (Mich. App. April 12, 2007) (finding "after the redemption period expired,

plaintiff lacked standing to assert a claim to the property").

Michigan law grants a mortgagor of residential property a statutory redemption period of six months. M.C.L. § 600.3240(8). When the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. M.C.L. § 600.3236. In this case, the Sheriff's Sale occurred on May 12, 2011 and the redemption period expired on November 12, 2011. At that time, plaintiffs' rights in the property were extinguished. In order to avoid dismissal, plaintiffs must come within the "clear showing of fraud, or irregularity" exception noted in Overton. Plaintiffs attempt to collaterally attack the foreclosure and have not articulated an irregularity or fraud in the foreclosure process. Plaintiffs first argue that Deutsche Bank "is not the proper holder in due course of the promissory noted [sic] or the mortgage in this case and thus would not be the proper party to foreclose." However, the assignment of mortgage is attached to Deutsche Bank's motion and was recorded before the Sheriff's Sale. Plaintiffs fail to identify any way in which Deutsche Bank did not comply with the foreclosure statute.

Plaintiffs also argue that they were in negotiations with defendant to modify their promissory note and mortgage until they received a summons and complaint indicating an eviction proceeding had been initiated by Deutsche Bank in the 72nd District Court in Marine City with a January 9, 2012 hearing date. They seem to suggest that they were misled into inaction but do not assert facts suggesting fraud. Moreover, this argument undermines their argument that Deutsche Bank did not have the power to foreclose. It appears improbable that plaintiffs would attempt to negotiate with Deutsche Bank for a modification of the promissory note and mortgage if they believed Deutsche Bank did not have any authority to foreclose.

Plaintiffs also rely upon an eviction order, entered by consent, which finds that Deutsche Bank is entitled to possession of the property and states that plaintiffs "do not waive any equitable circuit court claims." This statement by plaintiffs in a state court order is merely an attempt to preserve claims, but it does not create a claim for plaintiffs. As the redemption period has expired, and the allegations and evidence do not place this case within the "clear showing of fraud, or irregularity" exception noted in Overton, plaintiffs have failed to make the necessary showing to set aside the foreclosure sale.[1]

CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is GRANTED and plaintiffs' complaint is DISMISSED.

Dated: June 12, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 12, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

[1] As the Overton case is dispositive, the court will not address the remainder of the arguments set forth in defendant's motion for summary judgment.